UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS W. CLAPP, | CIVIL ACTION NO: _____ |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| UNITED STATES POSTAL SERVICE and | * |
| PAUL W. SULLIVAN TRUST | * |
| Defendants | * |

## ORIGINAL COMPLAINT
## UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Thomas W. Clapp, by and through his attorneys, Wynn & Wynn, P.C., now come before this Honorable Court state and allege as follows:

### JURISDICTION, VENUE, AND JURY TRIAL REQUEST

1. The claims herein are brought pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*), for money damages and compensation for personal injuries caused by the negligent and wrongful acts and omissions of the United States Postal Service.

2. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Massachusetts.

3. Plaintiff, Thomas W. Clapp, has fully complied with the provisions of 28 U.S.C. § 2675, the Federal Tort Claims Act.

4. Plaintiff, Thomas W. Clapp, hereby requests a trial by jury.

### PARTIES

5. Plaintiff, Thomas W. Clapp, is a natural person who resides at 23 Lady Slipper Drive, Dennis, Barnstable County, Massachusetts, and thus is a resident of the District of Massachusetts.

6. Defendant, United States Postal Service, is a United States federal agency.

7. Paul W. Sullivan Trust, is a trust with a primary address of 744 Main Street, Dennis, Barnstable County, Massachusetts.

## FACTS

8. At all times material hereto, Defendant, Paul W. Sullivan Trust, was the owner and lessor of the premises located at 788 Main Street, Route 6A, Dennis, Barnstable County, Massachusetts (hereinafter, the "Premises").

9. In addition, at all times material hereto, Defendant, United States Postal Service, was in possession and lessee of the Premises.

10. On or about March 9, 2009, Plaintiff, Thomas W. Clapp, went and conducted business at the United States Post Office (hereinafter, "Post Office"), located on the Premises.

11. On said day, at approximately 11:45 a.m., Plaintiff, Thomas W. Clapp, after exiting the Post Office and while crossing the parking lot, without any adequate warning, was caused to slip and fall due to the condition of the Defendants' negligently and carelessly maintained parking lot, causing him to sustain severe personal injuries to his right hip and ankle.

## COUNT I - NEGLIGENCE
**(Thomas W. Clapp v. United States Postal Service)**

12. The Plaintiff, Thomas W. Clapp, repeats and realleges all of the allegations contained in paragraphs 1 through 11 as if fully set out herein and expressly makes them part of Count I.

13. On or about March 4, 2009, the Plaintiff, Thomas W. Clapp, was caused to slip and fall due to the Defendant, United States Postal Service's negligent and careless maintenance of its property.

14. The Defendant, United States Postal Service, negligently and carelessly failed to adequately warn the Plaintiff, Thomas W. Clapp, of said dangerous condition which constituted a breach of the Defendant's duty of care to protect the Plaintiff, Thomas W. Clapp, from foreseeable and unreasonable risk to slip and fall.

15. As a direct and proximate result of the negligent acts and/or omissions of the Defendant, United States Postal Service, the Plaintiff, Thomas W. Clapp, was seriously injured, suffered great pain of body and mind and endured the burden of expending his time and money to receive medical care.

WHEREFORE, the Plaintiff, Thomas W. Clapp, demands judgment against the Defendant, United States Postal Service, for a sum sufficient and proper to compensate him for his losses plus costs, interests, and expenses of this action.

## COUNT II - NEGLIGENCE
### (Thomas W. Clapp v. Paul W. Sullivan Trust)

16. The Plaintiff, Thomas W. Clapp, repeats and realleges all of the allegations contained in paragraphs 1 through 11 as if fully set out herein and expressly makes them part of Count II.

17. On or about March 4, 2009, the Plaintiff, Thomas W. Clapp, was caused to slip and fall due to the Defendant, Paul W. Sullivan Trust's negligent and careless maintenance of its property.

18. The Defendant, Paul W. Sullivan Trust, negligently and carelessly failed to adequately warn the Plaintiff, Thomas W. Clapp, of said dangerous condition which constituted a breach of the Defendant's duty of care to protect the Plaintiff, Thomas W. Clapp, from foreseeable and unreasonable risk to slip and fall.

19. As a direct and proximate result of the negligent acts and/or omissions of the Defendant, Paul W. Sullivan Trust, the Plaintiff, Thomas W. Clapp, was seriously injured, suffered great pain of body and mind and endured the burden of expending his time and money to receive medical care.

WHEREFORE, the Plaintiff, Thomas W. Clapp, demands judgment against the Defendant, Paul W. Sullivan Trust, for a sum sufficient and proper to compensate him for his losses plus costs, interests, and expenses of this action.

Respectfully submitted,
For The Plaintiff, Thomas W. Clapp,
By his attorneys,

WYNN & WYNN, P.C.

/s/ Paul F. Wynn
Paul F. Wynn          BBO# 535820
Michael J. Princi     BBO# 406680
90 New State Highway
Raynham, MA 02767
(508) 823-4567
pwynn@wynnandwynn.com

Dated:   March 1, 2011